IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| THE CADLE COMPANY II INC.,[1] **Plaintiff,** v. SUNRISE PARTNERS II, S.E. *et al.*, **Defendants.** | **Civil No.** 10-1635 (FAB) |

**OPINION AND ORDER**

BESOSA, District Judge.

Before the Court is the Report and Recommendation ("R&R"), (Docket No. 151), regarding plaintiff The Cadle Company II Inc. ("Cadle")'s motion to remand this action to the State of Florida before the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County. (Docket No. 138.) Having considered the magistrate judge's recommendations, defendants' objections, and Cadle's response to the objections (Docket Nos. 151, 153 and 156), the Court **ADOPTS IN PART** the R&R and **GRANTS** Cadle's motion to remand. (Docket No. 138.)

---

[1] The original plaintiff was the Federal Deposit Insurance Corporation ("FDIC") as receiver for Eurobank. See Docket No. 1. On April 18, 2019, FDIC assigned the judgment to Value Recovery Group, L.P., who then assigned it to Cadle on April 30, 2019. See Docket Nos. 125, 127, 128.

## I. Background

On March 11, 2009, Eurobank sued Sunrise Partners II, S.E. ("Sunrise"), Joseph McCloskey Díaz ("McCloskey"), Lourdes Vázquez Huyke ("Vázquez") and their conjugal partnership (collectively, "defendants") for collection of monies and mortgage foreclosure in the Puerto Rico Court of First Instance. (Docket No. 12-1.) When the Office of the Commissioner of Financial Institutions of the Commonwealth of Puerto Rico ordered the closing of Eurobank on April 30, 2010, the Federal Deposit Insurance Corporation ("FDIC") was appointed as receiver. The FDIC removed the case to this Court on July 12, 2010. (Docket No. 1.)

On May 21, 2013, the FDIC and defendants filed a joint motion informing the Court that the parties entered into a binding Settlement Agreement and Release (the "Settlement Agreement"), that McCloskey and Vázquez filed for bankruptcy,[2] and that an automatic stay was imposed on the proceedings against them. (Docket No. 117 at p. 4.) The parties requested that the Court issue a partial final judgment against Sunrise in the total amount of $4,026,819.14. Id. According to the Settlement Agreement, defendants would pay $250,000.00 to the FDIC within 180 days in exchange for full settlement of the debt. If defendants defaulted

---

[2] United States Bankruptcy Court for the District of Puerto Rico Case No. 13-02932-ESL.

on this obligation, defendants stipulated to the execution of a consent judgment for the collection of the loans in the total amount of $4,026,819.14. (Docket No. 122-1 at 3.)  The same day, the Court entered a Partial Final Judgment (Docket No. 120) (the "Partial Final Judgment") against Sunrise only, given that the case against McCloskey and Vázquez was stayed by virtue of 11 U.S.C. § 362.  (Docket No. 118.)  Upon the bankruptcy case's dismissal, the FDIC moved for final judgment against McCloskey and Vázquez.  (Docket No. 122.)  The FDIC's motion for judgment was granted and final judgment was ultimately entered on January 9, 2014 against the remaining parties, resolving all claims.  (Docket No. 124) (the "Final Judgment").

On April 18, 2019, the FDIC assigned the judgment to Value Recovery Group, L.P.  (Docket No. 127 at p. 2.)  On April 30, 2019, Value Recovery Group, L.P. then assigned the judgment to Cadle. (Docket No. 128 at p. 2.)  On October 17, 2022, Cadle moved for execution of the judgment.  (Docket Nos. 132, 133.)  The Court, however, denied the motion without prejudice on October 19, 2022 because the proposed writ did not indicate the persons or entities to whom the attached writ should be delivered.  (Docket No. 134.)

Civil No. 10-1635 (FAB)                                                4

On April 23, 2024, Cadle registered the Final Judgment in the Middle District of Florida pursuant to 28 U.S.C. § 1963[3] ("section 1963") because McCloskey and Vázquez had moved to Florida and no longer had any asset in Puerto Rico. (Docket No. 138 at p. 2.) Subsequently, Cadle decided to domesticate the Final Judgment in the State of Florida before the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County ("Florida State Court") through the proceeding provided by the Florida Enforcement of Foreign Judgments Act ("FEFJA"), §§ 55.501- 55.509, Fla. Stat. (Docket No. 136-1.)

On May 22, 2024, defendants filed a notice of removal to this Court, invoking the Court's federal question jurisdiction pursuant to the Court's original jurisdiction over suits in which the FDIC is a party, pursuant to 12 U.S.C. § 1819(b)(2), and invoking the Court's jurisdiction pursuant to the Settlement Agreement's forum

---

[3] Section 1963 states:

> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. Such a judgment entered in favor of the United States may be so registered any time after judgment is entered. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

selection clause. (Docket No. 136.) Defendants requested that the Court order the removal of the civil case no. 24-07295CA32 pending in the Florida State Court. Id. at pp. 5-6. The Court noted the motion and stated that "upon removal, the Florida Court loses jurisdiction, so no order granting the removal is necessary." (Docket No. 137.) Cadle moves for remand to the Florida State Court. (Docket No. 138.)

On August 19, 2025, pursuant to a referral order issued by the Court, Magistrate Judge Marcos E. López issued an R&R, recommending that Cadle's motion to remand to Florida State Court be granted. (Docket No. 151.) Magistrate Judge López found (1) that a domestication proceeding is an ancillary proceeding to execute an existing judgment and is therefore not an independent civil action that can be removed (id. at p. 5, n.3); and (2) that the Court did not retain jurisdiction to enforce the Settlement Agreement in the Final Judgment. (Id. at pp. 7-9.) On September 2, 2025, defendants filed objections. (Docket No. 153.) On September 23, 2025, Cadle responded to the objections. (Docket No. 156.)

## II. Applicable Law

### A. Report & Recommendation Standard

A district court may refer a pending motion to a magistrate judge for a report and recommendation. See 28 U.S.C.

Civil No. 10-1635 (FAB)                                                     6

§ 636(b)(1)(B); L.Civ.R. 72(a).  Any party adversely affected by the R&R may file written objections within fourteen days of being served with the magistrate judge's report.  See 28 U.S.C. § 636(b)(1); Loc.Civ.R. 72(d).  A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  Failure to comply with this rule precludes further review.  See Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992).

In conducting its review, the Court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); Álamo Rodríguez v. Pfizer Pharms., Inc., 286 F. Supp. 2d 144, 146 (D.P.R. 2003) (Domínguez, J.). Furthermore, the Court may accept those parts of the R&R to which the parties do not object.  See Hernández-Mejías v. Gen. Elec., 428 F. Supp. 2d 4, 6 (D.P.R. 2005) (Fusté, J.) (citation omitted).

**B.   Removal of a Civil Action**

Removal of an action to federal court is governed by 28 U.S.C. § 1441 ("section 1441").  Section 1441 provides that a defendant may remove to the appropriate federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C.

§ 1441(a). "The propriety of removal thus depends on whether the case originally could have been filed in federal court." City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997); see also Long v. Bando Mfg. of Am., Inc., 201 F.3d 754, 757 (6th Cir. 2000) ("In order to invoke the district court's removal jurisdiction, a defendant must show that the district court has original jurisdiction over the action."). Original jurisdiction in the district court exists where a federal question claim "arising under the Constitution, laws, or treaties of the United States" is raised in the plaintiff's complaint pursuant to 28 U.S.C. § 1331, or where there is complete diversity of citizenship among the parties pursuant to 28 U.S.C. § 1332. See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005).

A defendant shoulders the burden of demonstrating that removal is appropriate. See Fayard v. Northeast Vehicle Servs., LLC, 533 F.3d 42, 48 (1st Cir. 2008). Section 1441 is "strictly construed" against removal, and any doubt regarding the propriety of removal should be resolved in favor of remand. Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002); Roselló-González v. Calderón-Serra, 398 F.3d 1, 11 (1st Cir. 2004) (remanding action because "[r]ead as a whole, we cannot say that this complaint presents a claim under the Federal Constitution. No explicit

reference to the United States Constitution or any other federal law is contained in the complaint; instead, all references are to Puerto Rico state laws, regulations, and the Commonwealth Constitution"). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction [over a removed case], the case shall be remanded." 28 U.S.C. § 1447(c).

### III. Discussion

As an initial matter, the Court will address Cadle's argument that, under section 1441, the case cannot be removed from Florida State Court to this Court.[4] Section 1441(a) states that "[a]ny civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Here, the domestication proceeding was filed in the State of Florida before the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County. This county falls under the jurisdiction of the U.S. District Court for the Southern District of Florida. Therefore, the case could only be removed to the Southern District of Florida and is not properly before us.

---

[4] Magistrate Judge López did not address this argument.

Civil No. 10-1635 (FAB)                                                9

Despite this procedural defect, the Court will address defendants' objection to the R&R.

Defendants object solely on one ground. They argue that the magistrate judge erred in determining that "the Court does not have jurisdiction and remand is proper, because, while the Partial Final Judgment ([Docket] No. 120) and the Amended Partial Final Judgment ([Docket] No. 121) both explicitly make reference to entry in accordance with the order in [Docket] No. 119 (where the Court retains jurisdiction to enforce the Settlement Agreement in the Partial Final Judgment), the court did not retain jurisdiction in the Final Judgment, which is the judgment that Movant seeks to enforce." (Docket No. 153 at p. 3.) They state that the Court has jurisdiction on two grounds: (1) the Court retained jurisdiction for future enforcement of the Settlement Agreement, and (2) the Settlement Agreement has a forum selection clause that mandates that any action to enforce any provision of the agreement shall be in this Court. Id. at pp. 5-6. Cadle states that the mere reference to a docket is not enough to retain jurisdiction and that the forum selection clause is irrelevant because it seeks to enforce the Final Judgment, not the Settlement Agreement. (Docket No. 156 at pp. 3-6.) The Court partially adopts the R&R's findings.

Civil No. 10-1635 (FAB)                                                    10

"[A] federal court does not have inherent jurisdiction to enforce a settlement merely because it presided over the law suit that led to the settlement."  F.A.C., Inc. v. Cooperativa de Seguros de Vida de P.R., 449 F.3d 185, 189 (1st Cir. 2006) (citing Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 379-80 (1994).  The Court, however, may retain jurisdiction to police compliance with the settlement agreement only under some circumstances.  See Kokkonen, 511 U.S. at 381-82.  Where the dismissal is pursuant to Federal Rule of Civil Procedure Rule 41(a)(1)(ii) ("Rule 41"), "the court is authorized to embody the settlement contract in its dismissal order or, what has the same effect, retain jurisdiction over the settlement contract, if the parties so agree."  Id.; see also Mun. of San Juan v. Rullán, 318 F.3d 26, 27 (1st Cir. 2003) (a district court may retain jurisdiction over a settlement agreement after dismissal pursuant to Rule 41(a)(1)(ii) if "the parties either have agreed to incorporate the terms of the settlement into the dismissal order or have executed a stipulation authorizing the court to retain jurisdiction over the implementation of the settlement"); Lipman v. Dye, 294 F.3d 17, 20 (1st Cir. 2002) (a court may preserve jurisdiction over a settlement agreement "by either including a provision explicitly retaining jurisdiction over the settlement agreement or by incorporating the terms of the settlement agreement in the court's

Civil No. 10-1635 (FAB)                                              11

order" dismissing the case.).  If the court dismisses the action without taking the necessary precautions, it will not have jurisdiction to enforce the settlement agreement, and enforcement must be left to the state courts.  López Morales v. Hosp. Hermanos Meléndez, Inc., 460 F. Supp. 2d 288, 293 (D.P.R. Oct. 27, 2006) (Casellas, J.).

Defendants argue that jurisdiction is proper because the Court referenced Docket No. 119 in the Partial Final Judgment, which states that "[t]his Court retains jurisdiction of this action for purposes of enforcing provisions of the Final Judgment by way of contempt or otherwise."  (Docket No. 153 at p. 4 (citing Docket No. 119 at p. 2 (emphasis added).)  The magistrate judge determined that the Court's explicit reference to Docket No. 119 in the Partial Final Judgment incorporated the Settlement Agreement and as such, the Settlement Agreement was enforceable through the Partial Final Judgment.  (Docket No. 151 at p. 5.)  Magistrate Judge López, however, found that there was no jurisdiction to enforce the Settlement Agreement in the Final Judgment — what Cadle seeks to enforce — and remand was proper.  Id.  The Court agrees with the magistrate judge's outcome but disagrees that the Partial Final Judgment retained jurisdiction to enforce the Settlement Agreement.  First, neither the Partial Final Judgment nor the Final Judgment incorporated the terms of the Settlement Agreement.

Civil No. 10-1635 (FAB)                                                    12

Second, as Cadle points out, the language in Docket No. 119 does not explicitly retain jurisdiction over the Settlement Agreement, only the Final Judgment.[5]  Both the Partial Final Judgment and the Final Judgment refer only to the orders granting the FDIC's motions for entry of judgment, nothing more.  See Docket No. 121; Docket No. 124.  This is not enough to retain jurisdiction over the Settlement Agreement.[6]  Therefore, the Court only retained jurisdiction over the Final Judgment, not over the Settlement Agreement.  See U.S.I. Props. Corp. v. M.D. Const. Co., 230 F.3d 489, 496 (1st Cir. 2000) ("[A]lthough federal courts are courts of limited jurisdiction, they often retain residual federal jurisdiction over postjudgment [sic] enforcement proceedings flowing from their original jurisdiction over the action.").[7]

---

[5] The parties have been using the terms "Final Judgment" and "Settlement Agreement" interchangeably.  The two terms, however, refer to two different documents.

[6] Neither party appealed or in any manner objected to the judgments.

[7] This type of jurisdiction has been called enforcement jurisdiction. U.S.I. Props. Corp., 230 F.3d at 496.  The Supreme Court has stated that enforcement jurisdiction encompasses "a broad range of supplementary proceedings involving third parties to assist in the protection and enforcement of federal judgments."  Peacock v. Thomas, 516 U.S. 349, 356-57 (1996) (listing cases allowing garnishment, attachment, voidance of fraudulent conveyances and mandamus).  Additionally, enforcement jurisdiction encompasses the Court's ability to relieve the parties from the judgment if they so request. For example, in the context of judgments registered in other courts, "it has been thought desirable as a matter of comity to require the moving party to seek relief [under Federal Rule of Civil Procedure 60(b)] from the court in which the judgment originally was rendered."  11 Wright & Miller's Federal Practice & Procedure § 2787 (3d ed. 2025).

Defendants next argue that the Court retained jurisdiction over the Settlement Agreement because the agreement itself states that the proper venue for enforcing the agreement is in this Court. (Docket No. 153 at p. 4 (citing Docket No. 122-1 at p. 8.))  This argument is unavailing.  "[T]he parties' intentions are insufficient for the Court to preserve jurisdiction over the settlement agreement; in order for that intention to be effective, the Judgment must incorporate it."  López Morales, 460 F.Supp.2d at 294.  As previously discussed, the Final Judgment did not do so.  Accordingly, the Court never retained jurisdiction over the Settlement Agreement.

Having determined that the Court did not retain jurisdiction and that the case is procedurally not properly before this Court, the Court must now determine whether the case must be remanded to the Florida State Court or transferred to the U.S. District Court in the Southern District of Florida.  "Federal courts have not come to a consensus whether a case removed from state court to the improper district court pursuant to 28 U.S.C. § 1441(a) should be remanded to state court or transferred to the proper district. Case law supports both avenues."  Texas Mut. Ins. Co. v. SITUS Trucking, LLC, Civil No. 22-1563, 2023 WL 4634643, at *7 (D.P.R. July 20, 2023) (Méndez-Miró, J.).  "Removal to the improper district, where a federal court otherwise has the jurisdictional

Civil No. 10-1635 (FAB)                                                    14

power to hear the case, presents a procedural, as opposed to jurisdictional, defect curable by transfer to the proper venue." Id. (citing Kreimerman v. Casa Veerkamp, S.A. de C.V., 22 F.3d 634, 645 (5th Cir. 1994).

Magistrate Judge López recommended remanding the case to the Florida State Court because an enforcement action and domestication proceeding is not an independent removable action. Even though defendants did not object to this finding, the Court has made an independent examination of the entire record and agrees with the magistrate judge's findings.  Davet, 973 F.2d at 30-31. "If the domestication of a foreign judgment were removable, then, as a practical matter, the federal courts 'would become invested with power to control the proceedings in the State courts, or would have appellate jurisdiction over them in all cases where the parties are citizens of different states.'"  Czymmek v. Fenstermaker, 23-cv-8124 (LJL), 2024 WL 246438, at *5 (S.D.N.Y. Jan. 23, 2024).  The domestication proceeding is thus not removable to any federal court, and the best course of action is to remand the case to Florida State Court.

Because defendants set forth no manifest error of law, the Court **ADOPTS IN PART** the R&R.  (Docket No. 151.)  Accordingly, the Court **GRANTS** Cadle's motion for remand.  (Docket No. 138.)

Civil No. 10-1635 (FAB)                                                    15

## IV. Conclusion

For the reasons set forth above, Cadle's motion for remand is **GRANTED**.  Removal of the domestication of judgment proceeding is improper.  The domestication proceeding is **REMANDED** to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, civil case no. 24-07295CA32.

Judgment shall be entered accordingly.

This case is now closed for statistical purposes.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, September 29, 2025.

                                            <u>s/ Francisco A. Besosa</u>
                                            FRANCISCO A. BESOSA
                                            SENIOR UNITED STATES DISTRICT JUDGE